UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * * * * * | |
| v. | * | Criminal Action No. 17-cr-10375-ADB |
| DUHAMEL CASSAGNOL, | * * | |
| Defendant. | * * | |

## MEMORANDUM AND ORDER ON DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE FROM INCARCERATION

BURROUGHS, D.J.

Currently before the Court is Duhamel Cassagnol's ("Cassagnol") emergency motion for compassionate release. [ECF No. 116]. For the reasons set forth below, the motion is DENIED.

**I.     FACTUAL BACKGROUND**

On December 6, 2017, Cassagnol was indicted for a series of offenses related to sex trafficking in connection with the trafficking and forced prostitution of drug-addicted women. [ECF No. 119 at 2]. He pled guilty on September 25, 2018 to all seven counts of the indictment pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) which provided for a sentence of between 180 and 235 months. [ECF No. 60 (plea agreement)]. Following the preparation of a Presentence Report, the plea was accepted and Cassagnol was sentenced to 207 months of incarceration, consistent with the agreed upon disposition. [ECF No. 78 (sentencing); ECF No. 60 (plea agreement)]. He has been in custody since December 8, 2017. See [ECF No. 16 (executed arrest warrant)].

The Court assumes familiarity with the ongoing COVID-19 pandemic, the risk to inmates within the federal prison system, and the now widespread availability of vaccines that help to prevent or moderate cases of COVID-19.

Cassagnol is thirty-three years old. [ECF No. 116 at 1]. He seeks compassionate release based on "a heart murmur he has had since birth and a history of smoking that began at the age of fifteen." [Id.]. During his time in custody, he claims to have "made positive strides in pursuit of rehabilitation" through a variety of academic and other enrichment programs. [Id. at 1–2; ECF No. 116-4]. He alleges that his medical conditions make him especially vulnerable to COVID-19, and that FCI Danbury, where he is currently housed, is mismanaging COVID-19 health precautions as a result of institutional failures, the physical limitations of the aging facility, and the lax implementation of social distancing and mask-wearing. [ECF No. 116 at ¶¶ 4–6].

## II.   PROCEDURAL BACKGROUND

On January 3, 2022, Cassagnol petitioned FCI Danbury's warden for compassionate release. [ECF No. 116 ¶ 5]. The petition was denied on January 21, 2022. [ECF No. 116-2]. On February 22, 2022, Cassagnol filed the instant motion, seeking an order from the Court modifying his sentence to time served, with supervised release to begin immediately "or provid[ing] any other relief that the Court deems necessary and proper." [ECF No. 116 at 15]. The Government opposed on March 22, 2022. [ECF No. 119].

## III.   DISCUSSION

Cassagnol seeks release under 18 U.S.C. § 3582(c)(1)(A). [ECF No. 116 at 4]. Previously, incarcerated defendants could seek release under this statute only upon motion of the Bureau of Prisons. The First Step Act of 2018, however, amended that provision to allow

prisoners to seek relief directly from the courts once they have exhausted their administrative remedies. Section 3582(c)(1)(A) now provides that

> [t]he Court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the [C]ourt, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . (i) *extraordinary and compelling reasons* warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Section 1B1.13 of the Sentencing Guidelines further explains that the Court may reduce a defendant's sentence if, after considering the factors in 18 U.S.C. § 3553(a), the Court determines that

> (1)(A) extraordinary and compelling reasons warrant the reduction; . . .
> (2) the defendant is not a danger to the safety of any other person or to the community, . . . ; and
> (3) the reduction is consistent with this policy statement[.]

U.S.S.G. § 1B1.13.

Cassagnol has the burden of proving that he is entitled to relief under 18 U.S.C. § 3582. United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). To meet this burden, he must satisfy three requirements. See United States v. Jackson, No. 19-cr-00347, 2020 WL 3402391, at *4 (D.D.C. June 19, 2020). First, he must show that "extraordinary and compelling reasons" warrant his release; second, he must show that release is consistent with the Sentencing Commission's policy, which requires showing that he is not a

danger to the safety of any other person or the community; finally, he must show that the sentencing factors in 18 U.S.C. § 3553(a) justify release. Id.

Thus, the Court must now determine whether "extraordinary and compelling reasons" support compassionate release, consistent with the § 3553(a) sentencing factors and the Sentencing Commission's policy. 18 U.S.C. § 3582(c)(1)(A).

### A. "Extraordinary and Compelling Reasons" Under 18 U.S.C. § 3582(c)(1)(A)

The Sentencing Guidelines recognize that compassionate release due to extraordinary and compelling reasons may be appropriate in cases where, for example, family circumstances or the defendant's age or health make release appropriate. U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). Courts have found that the Sentencing Guidelines set forth a non-exhaustive list and that release may also be warranted under the policy's "catch-all provision [which] allows for compassionate release when 'there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with' the other enumerated reasons." United States v. Guzman-Soto, No. 18-cr-10086, 2020 WL 2104787, at *3 (D. Mass. May 1, 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).

Here, Cassagnol puts forth no evidence of a debilitating medical condition or compelling medical need for release. He mainly claims that he has a longstanding heart murmur and a history of smoking and that these ailments put him at higher risk of serious medical complications if he does contract COVID-19 and that the conditions of incarceration increase the chance that he will become infected with the virus. [ECF No. 116 ¶¶ 4, 12–15]. Notably, it does not appear that Cassagnol has COVID-19 and he has apparently repeatedly declined the vaccine, which would indisputably keep him safer if he did contract the disease. [ECF No. 119-1]. Moreover, there is nothing in the record to suggest that his medical needs are not or cannot be well managed within FCI Danbury. While the Court is cognizant of the dangers of COVID-19,

especially for individuals with existing health conditions that make them more likely to suffer serious effects if they develop COVID-19, Cassagnol does not seem to be at particular risk based on the ailments he has alleged and any heightened risk could perhaps be mitigated by a vaccine. Further, courts around the country have found that, standing alone, risk of contracting COVID-19 does not justify compassionate release. United States v. Rodriguez-Orejuela, 457 F. Supp. 3d 1275, 1286 (S.D. Fla. 2020); United States v. Brummett, No. 07-cr-00103, 2020 WL 6120457, at *2 (E.D. Ky. Oct. 16, 2020) ("[T]he risk of future illness is not sufficient to justify release."); United States v. Gray, No. 11-cr-20131, 2020 WL 5094710, at *5 (D. Kan. Aug. 28, 2020) ("To be sure, it is regrettable that [the defendant] is incarcerated during this pandemic.  It is also regrettable that his health conditions place him at increased risk of serious illness should he contract the virus.  But the court isn't convinced that the combination of those two conditions qualifies him for release.").

Thus, the Court finds that Cassagnol has failed to meet his burden of demonstrating "extraordinary and compelling reasons" that would justify his early release, particularly where he has served only approximately 25 percent of a negotiated sentence imposed pursuant to Federal Rule of Criminal Procedure 11(c)(1)C).

      **B.**      **Dangerousness and the § 3553(a) Factors**

Although Cassagnol has failed to meet his initial burden, in the interest of a complete record, the Court will briefly address the other factors.

First, the Court must consider whether Cassagnol is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).  Given the nature of the offenses of conviction and the underlying conduct, the Court cannot conclude that, if released, Cassagnol would not pose a danger to the safety of the community.

Second, the Court must "consider[] the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A), including:

> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . .
> (4) the kinds of sentence and the sentencing range established [under the applicable Guidelines sections]
> . . . [and]
> (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). The Court weighs these factors against the reasons favoring Cassagnol's immediate release. United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020) ("[I]n considering the section 3553(a) factors, [the court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.").

Releasing Cassagnol after he has served considerably less than half of his sentence is inconsistent with the purposes of sentencing, including punishment and deterrence. The Court applauds his rehabilitative and academic efforts and hopes that he will continue to pursue such endeavors, but these achievements do not warrant or justify such a dramatic reduction of his sentence. Additionally, as the Government notes, it would send the wrong message to the public regarding the criminal justice system. [ECF No. 119 at 1]. Cassagnol's crimes were serious and warrant the sentence imposed.


## IV.  CONCLUSION

The Court finds that Cassagnol has failed to meet his burden of demonstrating that compassionate release is justified.  His recourse remains with the warden or, perhaps, another motion with the Court if circumstances change and he has served a much greater percentage of his sentence.  Accordingly, Cassagnol's motion for compassionate release, [ECF No. 116], is <u>DENIED</u>.

**SO ORDERED.**

June 3, 2022                                                                                  /s/ Allison D. Burroughs
                                                                                                       ALLISON D. BURROUGHS
                                                                                                       U.S. DISTRICT JUDGE