UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | |
| | * | Criminal Action No. 17-cr-10375-ADB |
| DUHAMEL CASSAGNOL, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

BURROUGHS, D.J.

Currently before the Court is Duhamel Cassagnol's ("Cassagnol") motion for a modification of his sentence, which the Court treats as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). [ECF No. 126]. For the reasons set forth below, the motion is DENIED.

**I.      FACTUAL BACKGROUND**

On December 6, 2017, Cassagnol was indicted for a series of offenses related to sex trafficking in connection with the trafficking and forced prostitution of drug-addicted women. [ECF No. 119 at 2]. He pled guilty on September 25, 2018 to all seven counts of the indictment pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) which provided for a sentence of between 180 and 235 months. [ECF No. 60]. Following the preparation of a Presentence Report, the plea was accepted, and Cassagnol was sentenced to 207 months of incarceration, consistent with the agreed upon disposition. [ECF No. 78 (sentencing); ECF No. 60 (plea agreement)]. He has been in custody since December 8, 2017. See [ECF No. 16 (executed arrest warrant)].

## II.     PROCEDURAL BACKGROUND

As a preliminary matter, it is not clear that Cassagnol has exhausted his administrative remedies. For purposes of this motion, the Court will assume that he has. He filed the instant motion, captioned "Motion to Modify Imposed Term of Imprisonment," on March 13, 2025. [ECF No. 126]. In his motion, he seeks appointment of counsel and asks that his sentence be reduced to time served with home confinement to follow. The government responded to the motion on April 17, 2025. [ECF No. 129].

## III.    DISCUSSION

Cassagnol seeks release under 18 U.S.C. § 3582(c)(1)(A). See [ECF No. 126]. Previously, incarcerated defendants could seek release under this statute only upon motion of the Bureau of Prisons ("BOP"). The First Step Act of 2018, however, amended that provision to allow prisoners to seek relief directly from the courts once they have exhausted their administrative remedies. Section 3582(c)(1)(A) now provides that

> [t]he Court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the [C]ourt, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . (i) <u>extraordinary and compelling reasons</u> warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Section 1B1.13 of the Sentencing Guidelines further explains that the Court may reduce a defendant's sentence if, after considering the factors in 18 U.S.C. § 3553(a), the Court determines that

> (1)(A) extraordinary and compelling reasons warrant the reduction; . . .

>   (2) the defendant is not a danger to the safety of any other person or to the community, . . . ; and
>   (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Cassagnol has the burden of proving that he is entitled to relief under 18 U.S.C. § 3582. United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). To meet this burden, he must satisfy three requirements. See United States v. Jackson, No. 19-cr-00347, 2020 WL 3402391, at *4 (D.D.C. June 19, 2020). First, he must show that "extraordinary and compelling reasons" warrant his release; second, he must show that release is consistent with the Sentencing Commission's policy, which requires showing that he is not a danger to the safety of any other person or the community; finally, he must show that the sentencing factors in 18 U.S.C. § 3553(a) justify release. Id.

Because, for purposes of the current motion, the Court is assuming, arguendo, that Cassagnol has exhausted his administrative remedies, it must next determine whether "extraordinary and compelling reasons" support compassionate release, consistent with the § 3553(a) sentencing factors and the Sentencing Commission's policy. 18 U.S.C. § 3582(c)(1)(A).

### A.     "Extraordinary and Compelling Reasons" Under 18 U.S.C. § 3582(c)(1)(A)

The Sentencing Guidelines recognize that compassionate release due to extraordinary and compelling reasons may be appropriate in cases where, for example, family circumstances or the defendant's age or health make release appropriate. U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). Courts have found that the Sentencing Guidelines set forth a non-exhaustive list and that release may also be warranted under the policy's "catch-all provision [which] allows for compassionate release when 'there exists in the defendant's case an extraordinary and compelling reason other

3

than, or in combination with' the other enumerated reasons." United States v. Guzman-Soto, No. 18-cr-10086, 2020 WL 2104787, at *3 (D. Mass. May 1, 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).

Cassagnol bases his request for early release on deterioration of his physical and mental health, the fact that he was incarcerated through the COVID-19 pandemic, his classification as a sex offender, post sentencing rehabilitation, and the presence of Fentanyl in the prison.  See [ECF No. 126].  The Court does not find that any of these bases rise to the level of "extraordinary or compelling circumstances."

Regarding his physical and mental conditions, Cassagnol has not demonstrated that these conditions, many of which were discussed in this Court's last order, have significantly worsened since he was incarcerated, nor has he demonstrated that the medical care he has received is inadequate.  Much of what he describes is typical of aging and institutional confinement.  Moreover, none of his medical conditions, taken alone or in combination, are serious enough to qualify as extraordinary or compelling.

The other circumstances cited by Cassagnol do not change this calculus.  COVID-19 is no longer a significant threat given the availability of highly effective vaccines.  The Court notes that it is unclear whether Cassagnol has been vaccinated, but the analysis turns on the availability of vaccines and not on whether he has chosen to be inoculated.  United States v. Medina, 542 F. Supp. 3d 79, n.5 (D. Mass. 2021) (noting that a growing number of courts have rejected compassionate release motions predicated on COVID-19 from petitioners who have refused to be vaccinated without some medical reason); United States v. Wallace, No. 12-cr-10264, 2020 WL 2616248, at *1 (D. Mass. May 23, 2020) (denying compassionate release where defendant complained of anxiety of contracting COVID and failure of BOP staff).  His generalized

4

struggles navigating confinement during the pandemic are insufficient as they do not differentiate him from other similarly situated inmates.

The Court similarly cannot find that Cassagnol's concerns about Fentanyl warrant release, particularly given that, as far as the Court can discern, they are based on an incident within a California penitentiary. [ECF No. 126 at 5–6].

Thus, the Court finds that Cassagnol has failed to meet his burden of demonstrating "extraordinary and compelling reasons" that would justify his early release.

### B.     Dangerousness and the § 3553(a) Factors

Although Cassagnol has failed to meet his initial burden, in the interest of a complete record, the Court will briefly address the other factors.

First, the Court must consider whether Cassagnol is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Here, given his post-conviction rehabilitative efforts, there is some reason to hope and believe that he, if released, would not pose any danger to the safety of the community. That said, given the nature of the offense of conviction and the underlying conduct, the Court cannot conclude that he would not be a danger.

Second, the Court must "consider[] the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A), including:

> (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)   the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . .
>   (4) the kinds of sentence and the sentencing range established [under the applicable Guidelines sections]

5

> . . . [and]
> (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). Although it need not in this case given the failure to demonstrate extraordinary and compelling circumstances, the Court weighs these factors against the reasons favoring Cassagnol's immediate early release. United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020) ("[I]n considering the section 3553(a) factors, [the court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence."); United States v. Johnson, No. 23-6272, 2023 WL 6475329, at *2 (2d Cir. Oct. 5, 2023) (holding district court "not required to weigh the § 3553(a) factors against extraordinary circumstances it had not found").

The Court notes that this is Cassagnol's second attempt at securing an early release. [ECF 116].[1] At this point, he has served more of his sentence, but still less than half. Further, the sentence he received was pursuant to a binding and negotiated agreement with the government, meaning that Cassagnol is serving the sentence that he agreed to serve.

As the Court explained in connection with his prior motion, releasing Cassagnol this early, given his reasons stated in support, would be inconsistent with the purposes of sentencing, including punishment and deterrence. The Court continues to applaud his rehabilitative and academic efforts and his engagement with the programming on offer, and it hopes that he will continue to pursue such endeavors. That said, these achievements and endeavors do not warrant such a dramatic reduction of his sentence. Although the Court sympathizes with Cassagnol's

---

[1] The first was filed on February 22, 2022, [ECF No. 116], and was denied by the Court on June 3, 2022 on the basis that Cassagnol had failed to show an extraordinary or compelling reason to allow his release, [ECF No. 123].

underlying health issues and appreciates the challenges of a lengthy incarceration, there is nonetheless no adequate justification for reducing his sentence. Cassagnol's crimes were serious and warrant the sentence agreed to and imposed.

## III.  CONCLUSION

The Court finds that Cassagnol has failed to meet his burden of demonstrating that compassionate release is justified. His recourse remains with the Warden or, perhaps, another motion with the Court if circumstances change and/or when he has served a much greater percentage of his sentence. Accordingly, Cassagnol's motion, [ECF No. 126], is <u>DENIED</u>.

**SO ORDERED.**

April 23, 2025

<u>/s/ Allison D. Burroughs</u><br>
ALLISON D. BURROUGHS<br>
U.S. DISTRICT JUDGE